THE DEMOCRAT PUBLISHING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

THE TIMES COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32611, 32612. Filed May 31, 1956.

*James P. Jones, Esq.*, and *John Enrietto, Esq.*, for the petitioners.
*Ray H. Garrison, Esq.*, for the respondent.

OPINION.

Murdock, *Judge:* The contention of the petitioners is that the entry of the Tri-City Star in the daily newspaper field in the Davenport, Iowa, area in 1935, and its competition during 1936 and until it ceased publication in March 1937, depressed the base period earnings of the petitioner by obtaining some of their advertising and circulation, by causing an increase in their operating expenses, and by preventing them from increasing their subscription rates at a time when otherwise they should and would have increased those rates. They further contend that the competition was unfair, unusual, and possibly unlawful, in view of the Tri-City Star's unethical and destructive policies.

The earnings of each corporation were better in 1937 than they were in 1938 and 1939 after the Tri-City Star ceased publication, and were also better than either paper had experienced during the preceding 5 years. The Court would be unable to hold, on the evidence presented, that the earnings for 1937, 1938, or 1939 were below normal because of competition from the Tri-City Star during the short period in 1937 that it was published. However, the latter newspaper was published during the entire year 1936 and the earnings of the Times during that year were somewhat lower than they had been in previous years and than they were in later years, and the earnings of the Democrat fell away off in 1936. The reason for the sharp variance between the decline in the Democrat's earnings as compared to the Times' earnings is not clear. The question of the extent to which the decline in earnings of each newspaper in 1936 might be attributed fairly to the competition from the Tri-City Star need not be determined since neither petitioner would be entitled to any relief under section 722 (b) (2) in any event.

The situation here is similar to one involved in the case of *Constitution Publishing Co.*, 23 T. C. 19. The publisher of the Atlanta Constitution based a claim under section 722 (b) (2) on the intense competition between the three principal daily newspapers in Atlanta—the Atlanta Constitution, the Atlanta Journal, and the Atlanta Georgian, a Hearst paper. The competition from the latter was alleged to have been unfair and destructive. The Court held that competition in the newspaper publishing business is not a temporary economic circumstance unusual in the case of such a taxpayer and depressed business from that source does not qualify for relief under section 722 (b) (2). It said in that connection:

However, assuming that the foregoing summary establishes the contrary conclusion that the petitioner's business was depressed during the base period, the petitioner has failed to satisfy the remaining elements which must be proved to qualify for relief under section 722 (b) (2). That is to say, the petitioner has failed to show that its business was depressed because of temporary economic circumstances unusual in its case. In this context, "temporary" is a relative term. We have quoted with approval the respondent's Regulations 112, section 35.722–3 (*b*), where it is said that "An economic circumstance is temporary depending upon the character and nature of such circumstances rather than upon the mere length of time of its existence." *Kentucky Whip & Collar Co., supra.*

The petitioner contends that the competition it received from the Georgian was temporary because no third newspaper could expect long to survive in Atlanta and unusual because the Hearst interests were callous to the substantial losses experienced by the Georgian. However, we have said, "Competition is present in almost any business. Instead of it being something unusual, it is quite common. It is of the very essence of our capitalistic system." *Lamar Creamery Co.*, 8 T. C. 928, 939. We think that this is particularly true of the newspaper publishing business.

The competition which the petitioners received from the Tri-City Star was of shorter duration than that involved in the Atlanta Constitution case, but it was of the same general character, and the conclusion here is the same as in that case, to wit, that the petitioners are not entitled to relief under section 722 (b) (2) because of the competition of the other paper.

The petitioners contend that the same circumstances entitle them to relief under section 722 (b) (5), but we are unable to find any merit in that contention. Cf. *Constitution Publishing Co., supra.*

Reviewed by the Special Division.

*Decisions will be entered for the respondent.*